J-S46045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN ALVAREZ, | : | |
| | : | |
| Appellee | : | No. 39 MDA 2014 |

Appeal from the Order entered on December 4, 2013
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0000945-2013

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 11, 2014**

The Commonwealth of Pennsylvania appeals from the Order granting the Motion for Suppression of Evidence ("Suppression Motion") filed by Jonathan Alvarez ("Alvarez"), and dismissing all of Alvarez's charges.  We reverse and remand for further proceedings.

On January 27, 2013, at approximately 1:19 a.m., Officer Dennis Miller ("Officer Miller") assisted other officers with an arrest on the 500 block of N. 9th Street in Reading, Pennsylvania.  Three police cars were parked in one lane of a two lane, one-way street.  Officer Miller stated that all three police cars were still running, and that all officers were outside of their vehicles.  He also indicated that his police car had its rear hazard lights on, but he could not remember whether the other police cars had their lights on.  While standing outside his police car, Officer Miller observed a vehicle driven

by Alvarez with its high beams activated. As the vehicle was passing, Officer Miller signaled for Alvarez to stop.[1] Officer Miller asked Alvarez to deactivate his high beams. When Alvarez fumbled to turn them off, Officer Miller noticed that Alvarez's eyes looked "tired and squinted." Alvarez admitted to drinking three beers. Officer Miller also noticed a partially smoked marijuana blunt in the vehicle's door handle, as well as a bag of what he suspected to be rock cocaine. Officer Miller then asked Alvarez to step out of the vehicle. During his subsequent search, Officer Miller found two packets of what he suspected to be synthetic marijuana, as well as $240 in cash. Alvarez consented to a series of field sobriety tests, all of which he failed, and Officer Miller placed him under arrest for suspicion of driving under the influence.

Alvarez was charged with possession with intent to deliver a controlled substance, possession with the intent to use drug paraphernalia, no rear

---

[1] The Vehicle Code states the following:

§ 4306. Use of multiple-beam road lighting equipment

(a) Approaching an oncoming vehicle.—Whenever the driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver shall use the low beam of light.

(b) Approaching a vehicle from rear.—Whenever the driver of a vehicle approaches another vehicle from the rear within 300 feet, the driver shall use the low beam of light.

75 Pa.C.S.A. § 4306.

lighting, and 4 counts of driving under the influence of alcohol or a controlled substance.[2]

Alvarez subsequently filed an Omnibus Pretrial Motion, which included the Suppression Motion and a Writ of *Habeas Corpus* Petition ("Petition"). In the Suppression Motion, Alvarez claimed that the stop of his vehicle violated Article I, section 8 of the Pennsylvania Constitution, and the Fourth Amendment of the United States Constitution. Omnibus Pretrial Motion, 7/23/13, at ¶ 8. Specifically, Alvarez argued that Officer Miller lacked the requisite probable cause or reasonable suspicion to effectuate a stop of Alvarez's vehicle. *Id.* at ¶ 9. In the Petition, Alvarez claimed that without the evidence obtained during the stop, the Commonwealth cannot make a *prima facie* case for any of the charges, requiring dismissal of the charges, and his release from custody. *Id.* at ¶ 11. The trial court granted Alvarez's Suppression Motion and dismissed the charges.[3] Thereafter, the Commonwealth filed the instant timely appeal.

On appeal, the Commonwealth raises the following questions for our review:

> I. Did the trial court err in suppressing evidence obtained as a result of a lawful traffic stop supported by reasonable suspicion

---

[2] 35 P.S. §§ 780-113(a)(30) and (32); 75 Pa.C.S.A. §§ 4303(b), 3802(a)(1), (a)(2), (d)(1) and (d)(3).

[3] The suppression court addressed the requirements of section 4306(a), pertaining to oncoming vehicles, and found that Alvarez was not in violation of that section because his vehicle was approaching from Officer Miller's police car from the rear. Suppression Court Opinion, 3/7/14, at 5.

and/or probable cause that the defendant violated a provision of the [V]ehicle [C]ode, specifically 75 Pa.C.S.A. § 4306—Use of multiple-beam road lighting equipment?

II. Did the trial court err in granting the [Petition] without permitting the Commonwealth to appeal from the adverse suppression ruling?

Brief for Appellant at 4.

In reviewing an order granting a defendant's motion to suppress evidence,

we are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. Our review of the legal conclusions which have been drawn from such evidence, however, is *de novo*, and, consequently, we are not bound by the legal conclusions of the lower courts.

***Commonwealth v. Busser***, 56 A.3d 419, 421 (Pa. Super. 2012) (quoting

***Commonwealth v. Wallace***, 42 A.3d 1040, 1048 (Pa. 2012)).

In its first claim, the Commonwealth asserts that Officer Miller was justified in conducting a traffic stop of Alvarez's vehicle under the reasonable suspicion standard. Brief for Appellant at 13-14. The Commonwealth claims that the suppression court ignored the Commonwealth's argument that the requirements of section 4306(b) had been satisfied because Alvarez approached another vehicle from the rear within 300 feet with his high beams activated. ***Id.*** at 13. Additionally, the Commonwealth argues that the purpose of the statute is to prevent safety hazards posed by glare from high beam headlights, and that Alvarez's high beam lights posed a

safety hazard to the police officers, who were standing near their vehicles when Alvarez approached. *Id.* at 13-14.

The Vehicle Code provides the statutory authorization for a police officer to stop a motor vehicle:

> Whenever a police officer … has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

In this case, all three of the police cars were idling in one of the travel lanes of a two lane, one-way street, and at least one of those cars had its hazard lights on when Alvarez was passing with his high beams activated. Alvarez was required to turn off his high beams when he came within 300 feet of the rear of the police cars. *See id.* § 4306(b) (stating that low beams must be used when a driver approaches **another vehicle** from the rear within 300 feet). Therefore, Officer Miller possessed the reasonable suspicion necessary to stop Alvarez's vehicle for violation of section 4306(b). Thus, we reverse the Order of the suppression court granting the Suppression Motion, and remand for further proceedings to address the

remainder of the Suppression Motion.[4]

Order reversed; case remanded for further proceedings; jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

---

[4] The Commonwealth avers that it was denied the right to appeal an adverse pretrial decision when the suppression court granted the Petition in the same Order in which it granted the Suppression Motion.  Brief for Appellant at 14. In reversing the grant of the Suppression Motion, we must also reverse the grant of the Petition.