J-S11015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VALBERT GEORGE REID | |
| Appellant | No. 1391 MDA 2014 |

Appeal from the Judgment of Sentence July 16, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003038-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 08, 2015**

Appellant, Valbert George Reid, appeals from the judgment of sentence entered July 16, 2014, by the Honorable David L. Ashworth, Court of Common Pleas of Lancaster County.  We affirm Reid's conviction, but vacate his judgment of sentence and remand for resentencing.

We take the underlying facts in this matter from the trial court's September 23, 2014 opinion.

> On April 10, 2013, State Police Trooper Justin Hope, who has been a Trooper for 12 years and has received specialized training in the area of highway drug interdiction, was patrolling the Pennsylvania Turnpike in Lancaster County. (Notes of Testimony (N.T.), Suppression, 4/9/14 at 5-8.) At about 1:39 p.m., he initiated a traffic stop of [Reid's] vehicle for traveling at a speed of 68 mph in a posted 40 mph construction zone on Interstate 76 in Brecknock Township, Lancaster County.  ([*Id*]. at 9, 20.)
>
> During the stop of [Reid's] 2001 Dodge Caravan, Trooper Hope smelled a strong odor of raw marijuana coming from within

the vehicle. ([***Id***.] at 8, 16, 18.) He further observed that [Reid] possessed two cellular phones, and an air freshener hanging in the back seat area of the vehicle, and had a Bible on the dashboard. ([***Id***.] at 16.) A criminal history check revealed a prior possession with intent to deliver charge in 2005. ([***Id***.] at 19). Trooper Hope, therefore, requested to search [Reid's] vehicle. ([***Id***.] at 22). [Reid] refused the request. ([***Id***.])

In response to an earlier request for backup assistance and for the K-9 unit (N.T., Suppression, 4/9/14 at 20), Trooper Jason Laudermilch and his dog, Eva, arrived at the scene shortly after [Reid] refused to consent to a search of his vehicle. ([***Id***.] at 22-23, 63.) The dog quickly alerted to the odor of narcotics while searching the area of the rear hatch of the vehicle. ([***Id***.] at 66). … The K-9 also alerted at the passenger side front window and, unprompted, jumped into the vehicle through the open window and immediately went to the area of the third row seat inside the vehicle. ([***Id***.] at 67.)

[Reid's] vehicle was then seized and Trooper Hope applied for a warrant to search the vehicle. ([***Id***.] at 24-25.) The search pursuant to that warrant yielded approximately six pounds of marijuana, located in the rear of the vehicle in a white plastic bag. ([***Id***.] at 25….) [Reid] was arrested by Trooper Hope and subsequently charged with the crime of possession with intent to deliver a controlled substance.

Following the search of the vehicle and his arrest, [Reid] was read his [***Miranda***] rights at the State Police Barracks by Corporal Keye Wysocki, at which time he waived those rights, after consulting with his attorney, and gave incriminating statements regarding the seized marijuana. (N.T., Suppression, 4/16/14 at 7-12….) Specifically, [Reid] related that he was transporting the marijuana from Philadelphia to a subject in York, Pennsylvania. ([***Id***.] at 16.)

Trial Court Opinion, 9/23/14 at 3-5 (footnotes omitted).

Prior to trial, Reid filed a suppression motion, which the trial court denied following a hearing. ***See*** Order, 4/16/14. The trial court also denied Reid's motion for reconsideration. Following a bench trial, the trial court convicted Reid of possession with intent to deliver marijuana. The trial court

sentenced Reid to the mandatory minimum sentence of one to three years'

incarceration pursuant to 18 Pa.C.S.A. § 7508. This timely appeal followed.

Reid raises the following issues for our review.

1. Did the trial court err in denying the Motion to Suppress the evidence obtained during a search of Mr. Reid's vehicle, where Trooper Hope did not have probable cause to stop Mr. Reid's vehicle for exceeding the speed limit in an active work zone?

2. Was the application of 18 Pa.C.S. §7508 in the instant case unconstitutional, pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013) and Commonwealth v. Newman, 99 A.3d 86 (Pa. Super. 2014) (en banc)?

Appellant's Brief at 5.

Our standard when reviewing a trial court's denial of a motion to

suppress evidence is well-settled.

[W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole.

**Commonwealth v. McAliley**, 919 A.2d 272, 275-276 (Pa. Super. 2007)

(citation omitted). "Moreover, if the evidence supports the factual findings

of the suppression court, this Court will reverse only if there is an error in

the legal conclusions drawn from those findings." **Commonwealth v.**

**Powell**, 994 A.2d 1096, 1101 (Pa. Super. 2010).

The quantum of proof necessary to effectuate a vehicle stop on suspicion of a violation of the motor vehicle code is governed by 75 Pa.C.S.A. § 6308(b), which states:

> **(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b). Traffic stops based upon suspicion of a violation of the motor vehicle code under section 6308(b) "must serve a stated investigatory purpose." *Commonwealth v. Feczko*, 10 A.2d 1285, 1291 (2010). "Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, 'it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.'" *Id*. (emphasis omitted) (citation omitted).

Reid argues that Trooper Hope lacked probable cause to believe that he exceeded the speed limit in an active work zone in violation of 75 Pa.C.S. § 3365, **Special speed limitations**. Section 3365(c.1), **Active work zones**, states that:

- 4 -

> When passing through an active work zone, no person shall drive a vehicle at a speed greater than the posted limit. An official traffic-control device shall indicate the beginning and end of each active work zone to traffic approaching in each direction.

75 Pa.C.S. § 3365(c.1). "Active work zone" is defined by 75 Pa.C.S.A. § 102 as "[t]he portion of a work zone where construction, maintenance or utility workers are located on the roadway, berm or shoulder."

Reid is correct that a vehicular stop based solely upon suspicion of violating section 3365 requires probable cause:

> [A] vehicle stop based solely on offenses not 'investigatable' cannot be justified by a mere reasonable suspicion, because the purposes of a **Terry** [**v. Ohio**, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

**Commonwealth v. Busser**, 56 A.3d 419, 423 (Pa. Super. 2012) (footnote and citation omitted).

It is undisputed that Trooper Hope clocked Reid driving 68 mph in a 40 mph work zone prior to the vehicular stop. Reid argues that the work zone was not "active" at the time of the stop because there were not any workers in the posted 40 mph construction zone through which he was speeding. We find this interpretation to be too narrow. Trooper Hope testified that the speed limit reduction towards the active work zone gradually decreased from 65 mph, to 55 mph, and finally to 40 mph once a driver entered the active work zone. **See** N.T., Suppression Hearing, 4/9/15 at 10. He also testified that although there were no workers between the mileposts were he stopped

Reid's vehicle, there were workers on the road further west of that location. ***See id***. at 38.

Based upon the posted 40 mph speed limit, and the proximity to active workers in the construction zone, we agree that Reid was driving in an active work zone as that term is defined under 75 Pa.C.S.A. § 102. Officer Hope thus had probable cause to believe that Reid was driving in excess of the posted speed limit in violation of section 3365(c.1). As such, Reid's challenge to the court's denial of his suppression motion is without merit.

Lastly, Reid argues that the trial court impermissibly sentenced him to the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508. As the parties and trial court now recognize, this Court has recently held that section 7508 is facially invalid pursuant to the Supreme Court of the United States' decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). ***See Commonwealth v. Fennell***, 105 A.3d 13 (Pa. Super. 2014). Furthermore, this issue cannot be waived. ***See Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (holding that violations of ***Alleyne*** could not be waived). We therefore vacate Reid's judgment of sentence and remand for re-sentencing without application of the mandatory minimum.

Conviction affirmed. Judgment of sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/2015</u>