**COMMONWEALTH of Pennsylvania,
Appellant**

v.

**Keith Alan BUSSER, Appellee.**

Superior Court of Pennsylvania.

Argued June 6, 2012.
Filed Oct. 18, 2012.
Reargument Denied Dec. 21, 2012.

Jennifer M. Smith, Assistant District Attorney, York, for Commonwealth, appellant.

Peter M. Vaughn, York, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

OPINION BY DONOHUE, J.:

The Commonwealth of Pennsylvania appeals from the trial court's August 15, 2011 order granting the motion to suppress evidence filed by Appellee, Keith Allen Busser ("Busser"). We reverse.

On December 10, 2010, [Busser] was traveling southbound on North George Street near the intersection of Arch Street in the city of York. Officer [Kyle Pitts ('Officer Pitts')] of the York City Police Department was traveling directly behind [Busser]. Officer Pitts testified that they were in the easternmost lane of N. George St., which at that location consists of two lanes traveling south and two lanes traveling north. An ambulance approached using its emergency lights and signals traveling northbound. Officer Pitts testified that the ambulance was in the centermost lane of that side of the roadway.

Officer Pitts testified that he was able to safely pull his vehicle to the right hand lane when the ambulance approached from the opposite direction. Additionally he testified that [Busser] did not attempt to move to the right or signal that he was going to move to the right in any way. However, he also testified that [Busser's] vehicle posed no danger to the approaching ambulance or otherwise obstructed its movement.

After the ambulance passed, Officer Pitts signaled for [Busser] to pull over. [Busser] complied. Officer Pitts intended to cite [Busser] for a violation of 75 Pa.C.S.A. § 3325 for failing to yield the right-of-way to an emergency vehicle. Upon approaching the vehicle, Officer Pitts smelled alcohol and ultimately, after submitting to a blood alcohol test, [Busser] was charged with two different counts of DUI.

Trial Court Opinion and Order, 8/15/11, at 1–2 (record citations omitted).

The Commonwealth charged Busser with driving under the influence of alcohol, general impairment (75 Pa.C.S.A. § 3802(a)(1)) driving under the influence of alcohol, highest rate of alcohol (75 Pa. C.S.A. § 3802(c)), and failure to yield to an emergency vehicle (75 Pa.C.S.A. § 3325). Busser filed a motion to suppress evidence arguing that Officer Pitts conducted an illegal vehicle stop. The trial court conducted a hearing on June 27, 2011, and on August 15, 2011, the trial court granted Busser's motion. The Commonwealth filed this timely appeal pursuant to Pa. R.A.P. 311(d).

▮ On appeal, the Commonwealth argues that the trial court misinterpreted § 3325, and that the trial court erred in finding that Officer Busser needed probable cause in order to conduct a vehicle stop pursuant to that section. Commonwealth's Brief at 4. We will address these issues in turn.

The following strictures govern our review of the trial court's order:

[W]e are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. Our review of the legal conclusions which have been drawn from such evidence, however, is de novo, and, consequently, we are not bound by the legal conclusions of the lower courts.

Commonwealth v. Wallace, —— Pa. ——, 42 A.3d 1040, 1048 (2012). The facts of the instant case are not in dispute. We therefore will confine our analysis to the trial court's legal conclusions.

Section 3325(a) of the Pennsylvania Motor Vehicle Code provides, in relevant part, as follows: "Upon the immediate approach of an emergency vehicle making use of an audible signal and visual signals [ ... ] the driver of **every other vehicle** shall yield the right-of-way **and** shall immediately drive to a position parallel to, and as close as possible to, the right-hand [ ... ] curb [ ... ] **and** stop[.]" 75 Pa.C.S.A. § 3325(a) (emphasis added). In this case, Busser did not pull his vehicle over to the curb as an ambulance with its siren on approached from the opposite direction on the same road. The road is two lanes wide in both directions, and the ambulance had an open lane in which to continue unimpeded to its destination whether or not Busser pulled over. The trial court found that § 3325(a) does not require a motorist to pull over and stop at the curb when an ambulance approaching from the opposite direction has an open traffic lane on its own side of the road.

We must interpret § 3325 in accordance with the Statutory Construction Act:

§ 1921. Legislative intent controls.

(a) Object and scope of construction of statutes.—The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) Unambiguous words control construction.—When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S.A. § 1921(a), (b). The use of the word "and" in a statute is conjunctive. Braun v. Wal–Mart Stores, Inc., 24 A.3d 875, 960 (Pa.Super.2011), appeal granted in part, —— Pa. ——, 47 A.3d 1174 (2012). Whereas the disjunctive word "or" would imply a choice between "one or the other

of two alternatives," the word "and" conjoins the phrases that come before and after it and does not imply a choice between them. *Id.; see also Annenberg v. Commonwealth,* 562 Pa. 581, 590–91, 757 A.2d 338, 343 (2000), *cert. denied,* 531 U.S. 959, 121 S.Ct. 385, 148 L.Ed.2d 296 (2000).

Because of the use of the conjunctive "and," § 3325(a) imposes three requirements on motorists in the event of an approaching emergency vehicle: (1) yield the right-of-way, **and** (2) pull to the curb, **and** (3) stop. The trial court reasoned that Busser posed no risk of collision by maintaining his lane of travel (impliedly yielding the right-of-way) and thus did not violate the statute when he failed to pull to the curb lane and stop. Yielding the right-of-way, however, is only one of the three requirements that § 3325(a) imposes. Pursuant to its unambiguous language, § 3325(a) also requires the motorist to pull to the side of the road and then stop. The trial court interpreted the statute as if it contained the word "or" rather than "and" such that the motorist has several choices that would suffice for compliance with § 3325(a). In light of our obligation to adhere to the clear and unambiguous language of the statute, we conclude that the trial court's interpretation of § 3325(a) is erroneous.

Moreover, § 3325(a) states that when an emergency vehicle approaches, "every other vehicle" must yield the right-of-way, pull to the curb, and stop. In expressly imposing the three requirements on "every" vehicle, the specific language of § 3325(a) forecloses the possibility that it only applies to vehicles in the same lane as an emergency vehicle, or vehicles positioned such that they must move in order to avoid blocking an emergency vehicle's progress toward its destination. The trial court reasoned that Busser's vehicle did not interfere with the ambulance's appar-

ent path of travel, and that, under the circumstances of this case, a reasonable person would not read § 3325(a) to mandate pulling over to the curb. However, because the statute unambiguously applies to "every other vehicle" on the road, we conclude that the trial court erred in its interpretation.

We are required, pursuant to the Statutory Construction Act, to give effect to all provisions of a statute and not to disregard the letter of a statute in pursuit of its spirit. In this case, the trial court failed to give effect to the words "every other vehicle." Furthermore, in considering whether adherence to § 3325(a) was necessary under the circumstances the trial court disregarded the letter of the statute under the pretext of pursuing its spirit in contravention of § 1921(b) of the Statutory Construction Act.

In summary, a plain reading of § 3325(a) requires the conclusion that every other vehicle on the road must pull to the curb and stop when an emergency vehicle approaches. We cannot limit the applicability of § 3325(a) to vehicles potentially interfering with the emergency vehicle's apparent path of travel. Nothing in the plain language of § 3325(a) supports a conclusion that motorists have discretion to determine whether adherence to § 3325(a) is necessary under the circumstances. Thus, we agree with the Commonwealth that the trial court erred in its interpretation of § 3325(a).

■ Next, we must consider whether probable cause or reasonable suspicion is necessary to support a vehicle stop pursuant to § 3325(a). The trial court found that Officer Pitts needed probable cause to support the vehicle stop, and that the record did not support a finding of probable cause. While we agree with the trial court that probable cause was required, we dis-

agree that it was lacking based on the record in this case.

The Pennsylvania Motor Vehicle Code provides as follows:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

Thus, § 6308(b) requires only reasonable suspicion in support of a stop for the purpose of gathering information necessary to enforce the Vehicle Code violation. However, in *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.Super.2010) *(en banc), appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011), this Court held that a police officer must have probable cause to support a vehicle stop where the officer's investigation subsequent to the stop serves no "investigatory purpose relevant to the suspected [Vehicle Code] violation." In *Feczko*, the police officer observed the defendant's vehicle cross over the double yellow median line and the fog line. *Id.* at 1286. During the ensuing vehicle stop, the officer noticed the scent of alcohol on the defendant's breath. *Id.* Importantly, the officer did not testify that the stop was based on suspicion of DUI. *Id.* The defendant was convicted of DUI and a motor vehicle code violation, and argued on appeal that the vehicle stop was illegal. *Id.* at 1287.

This Court noted the distinction between "the investigative potential of a vehicle stop based on a reasonable suspicion of DUI as compared to other suspected violations of the Motor Vehicle Code." *Id.* at 1289 *(citing Commonwealth v. Sands*, 887 A.2d 261, 270 (Pa.Super.2005)). Whereas a vehicle stop for suspected DUI may lead to further incriminating evidence such as an odor of alcohol or slurred speech, a stop for suspected speeding is unlikely to lead to further evidence relevant to that offense. *Id.* Therefore:

> [A] vehicle stop based solely on offenses not 'investigatable' cannot be justified by a mere reasonable suspicion, because the purposes of a *Terry* [ [1] ] stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

*Id.* at 1290 (quoting *Commonwealth v. Chase*, 599 Pa. 80, 94, 960 A.2d 108, 116 (2008)).

In *Feczko*, the police officer stopped the defendant's vehicle solely based on the defendant's failure to maintain a single lane in accordance with 75 Pa.C.S.A. § 3309. This Court held, therefore, that the vehicle stop could be constitutionally valid only if the officer could "articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Vehicle] Code." *Id.* at 1291. We also held that the police officer's observation of the defendant swerving over the double yellow median line and the fog line created probable cause to suspect a violation of § 3309. *Id.*

---

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20    L.Ed.2d 889 (1968).

■ The analysis in *Feczko* is directly on point and controlling in the instant matter. Officer Pitts observed Busser fail to pull to the side of the road as an ambulance with its emergency lights activated approached from the opposite direction. When Officer Pitts detained Busser's vehicle, he had nothing further to investigate regarding the violation of § 3325(a).[2] Pursuant to *Feczko*, therefore, Officer Pitts' needed probable cause to believe Busser violated § 3325(a). Since Officer Pitts was able to articulate facts that established an unequivocal violation, we conclude that probable cause existed in this case.

In light of the foregoing, we agree with the Commonwealth that vehicle stop in this case was lawful. The trial court erred in ruling to the contrary and granting Busser's motion to suppress evidence. We reverse the trial court's order and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

**2.** We are cognizant that compliance with § 3325(a) is excused if the driver is "otherwise directed by a police officer or an appropriately attired person authorized to direct, control or regulate traffic." 75 Pa.C.S.A. § 3325(a). Nothing in the record indicates that an authorized person was on the scene directing traffic at the time of Busser's offense.