J-A01029-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH HELMICK, | : | |
| | : | |
| Appellant | : | No. 807 WDA 2014 |

Appeal from the Judgment of Sentence May 14, 2014,
Court of Common Pleas, Fayette County,
Criminal Division at No. CP-26-CR-0001865-2011

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:            **FILED FEBRUARY 18, 2015**

Kenneth Helmick ("Helmick") appeals from the May 14, 2014 judgment of sentence entered by the Fayette County Court of Common Pleas following his conviction of driving under the influence of alcohol ("DUI"), blood alcohol content of .08-.10 (75 Pa.C.S.A. § 3802(a)(2)).[1] Upon review, we affirm.

The trial court summarized the facts of the case as follows:

> … Pennsylvania State Trooper Wilbur S. Goodwin, III, in full uniform and driving a marked patrol vehicle, initiated a traffic stop of [Helmick]'s vehicle when the officer noticed the vehicle's registration light was not illuminated. The incident occurred at 12:48 A.M. on January 22, 2011, when the trooper was behind [Helmick] on Fayette Street, Uniontown,

---

[1] "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(2).

Fayette County, while they waited for a red light. [Helmick] then made a right turn onto Morgantown Road, properly using his turn signal, and the trooper activated his lights. The stop was conducted after [Helmick] turned onto Robinson Street, Uniontown, which was a safer location. [Helmick]'s driving was always appropriate; the police officer did not observe any sort of unsafe operation of the vehicle.

When Trooper Goodwin approached [Helmick] on the driver's side of his vehicle, the officer detected a strong odor of alcohol in the vehicle. In response to a query from the trooper, [Helmick] stated that he had had a few beers, whereupon he was asked to exit the vehicle. The trooper then smelled a strong odor of alcohol on [Helmick]'s person and on his breath. [Helmick]'s eyes were bloodshot and his speech was slurred. [Helmick] attempted to perform the field sobriety test known as the "walk and turn," but Trooper Goodwin stopped the test about halfway through because [Helmick] was unsteady on his feet. [Helmick] was then arrested for DUI and transported to the state police barracks where a breath test was administered to him using a Datamaster DMT machine. The test results for [Helmick]'s preliminary breath test were .085, slightly above the .08 statutory threshold set forth in the DUI statute, 75 Pa.S.C. § 3802.

Trial Court Opinion, 7/12/14, at 1-2 (record citations omitted).

Trooper Goodwin filed a criminal complaint charging Helmick with one count of DUI, blood alcohol content of .08-.10; one count of DUI, incapable of driving safely (75 Pa.C.S.A. § 3802(a)(1)[2]); one count of careless driving

---

[2] "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1).

(75 Pa.C.S.A. § 3714(a)[3]); and one count of no rear lights (75 Pa.C.S.A. § 4303(b)[4]). On January 27, 2012, Helmick filed an omnibus pretrial motion seeking, in relevant part, suppression of the evidence obtained as a result of the stop on various bases and habeas corpus on the charge of DUI, incapable of driving safely. The trial court held a hearing on the motion on March 30, 2012, and thereafter denied the motion.

Following trial, a jury convicted Helmick of DUI, general impairment, and acquitted him of DUI, incapable of driving safely. The trial court convicted him of careless driving and no rear lights. It sentenced him on May 14, 2014 to twenty-three months of intermediate punishment, sixty days of which the trial court ordered Helmick to serve on house arrest, and required him to pay fines, costs and fees.

Helmick did not file any post-sentence motions. On May 14, 2014, he filed a timely notice of appeal. He raises the following issues for our review:

> I.   Did the trial court commit reversible error when it refused to suppress evidence based upon an illegal vehicle stop which was not based upon probable cause?

---

[3] "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S.A. § 3514(a).

[4] This provision states, in relevant part: "Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department." 75 Pa.C.S.A. § 4303(b).

II.   Was the verdict in this case contrary to law where the affiant and main Commonwealth witness admitted to lying under oath[?]

Helmick's Brief at 3.

We begin by addressing Helmick's first issue. We review the trial court's denial of a motion to suppress to determine whether the record supports the trial court's factual findings and whether it reached its legal conclusions in error. **Commonwealth v. Enick**, 70 A.3d 843, 845 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014). "If the record supports the trial court's findings of fact, we will reverse only if the trial court's legal conclusions are incorrect." **Id.** (citation omitted).

Helmick bases his argument on his belief that Trooper Goodwin testified he was unable to tell after viewing the videotape whether the registration light or the police cruiser's headlights were illuminating Helmick's license plate. Helmick's Brief at 6. Helmick argues that if "the license plate [light] was working, then clearly there would be no basis for the traffic stop," rendering the stop unlawful and the evidence obtained as a result of the stop subject to suppression. **Id.** The trial court found that Trooper Goodwin testified that he observed that Helmick's license plate was not illuminated in violation of section 4303(b) of the Motor Vehicle Code, thus providing probable cause to stop Helmick's vehicle. Trial Court Opinion, 6/12/14, at 2.

- 4 -

We agree with the trial court that the record does not support Helmick's claim. At both the suppression hearing and at trial,[5] Trooper Goodwin's testimony was unequivocal that he observed that the license plate on Helmick's vehicle was not illuminated prior to conducting the traffic stop. N.T., 3/30/12, at 5, 6; N.T., 4/7/14, at 18, 37. The testimony Helmick references on appeal only supports a finding that Trooper Goodwin agreed with defense counsel that in the video of the vehicle stop made by the dashboard camera in the police cruiser it was difficult to tell whether the license plate light was working or whether the headlights on the police car were illuminating Helmick's license plate. N.T., 4/7/14, at 37. Trooper Goodwin never expressed any doubt about his observation that Helmick's registration light was not illuminated.

The failure to have a working light illuminating a vehicle's license plate is a violation of section 4303(b) of the Motor Vehicle Code. **See** 75 Pa.C.S.A. § 4303(b); **supra**, n.4. As Trooper Goodwin observed that

---

[5] We note that our Supreme Court has held that when reviewing a challenge to the trial court's suppression ruling, "it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing." **In re L.J.**, 79 A.3d 1073, 1085 (Pa. 2013). The **L.J.** Court found that this rule applies prospectively. **Id.** at 1089. As the suppression hearing in the case at bar occurred prior to the decision in **L.J.**, it is inapplicable, and we adhere to the rule as stated in **Commonwealth v. Chacko**, 459 A.2d 311 (Pa. 1983), wherein our Supreme Court stated that "it is appropriate to consider *all* of the testimony, not just the testimony presented at the suppression hearing, in determining whether evidence was properly admitted." **Id.** at 318 n.5 (emphasis in the original).

Helmick's registration light was not illuminated while Helmick was driving at night, he had the requisite probable cause to effectuate a stop of Helmick's vehicle. **See Commonwealth v. Busser**, 56 A.3d 419, 423-24 (Pa. Super. 2012) (finding probable cause to conduct a vehicle stop where the officer observes a Motor Vehicle Code violation that requires no additional investigation). Therefore, Helmick is due no relief on this issue.

In his second issue on appeal, Helmick challenges his conviction based upon Trooper Goodwin's admission on cross-examination that "he was not telling the truth and was aware that he could be committing perjury," when he charged Helmick with DUI, incapable of safely driving, as he admitted at trial that he did not observe Helmick drive unsafely. Helmick's Brief at 11. Although he does not specifically say in his argument, he acknowledged in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) that this argument challenges the weight of the evidence to support his conviction. **See** 1925(b) Statement, 6/3/14, ¶ 2; **see also Commonwealth v. Johonoson**, 844 A.2d 556, 566 (Pa. Super. 2004) (finding a claim that a witness committed perjury to be a challenge to the weight of the evidence). It is well-settled law that an appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014).

Helmick failed to do so, and as such, this argument is waived on appeal.

*See Thompson*, 93 A.3d at 491.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015