J-A31001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARRETT STEVEN BROWN | |
| Appellant | No. 443 MDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005821-2014

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 29, 2016**

Appellant, Garrett Steven Brown, appeals from the judgment of sentence entered after he was convicted of driving under the influence of alcohol ("DUI") and resisting arrest.  Brown argues that the arresting officer violated his right against unreasonable searches.  After careful review, we affirm.

The Commonwealth charged Brown with five counts of DUI, one count of resisting arrest, and one count of driving a vehicle at an unsafe speed. Brown filed a pre-trial suppression motion, challenging the basis for the traffic stop.  At the suppression hearing, the Commonwealth presented the

_____

[*] Retired Senior Judge assigned to the Superior Court.

testimony of Officer Michael Jordan, Patrol Officer for the West Manchester Township Police Department.

Officer Jordan's testimony can be summarized as follows. In the early morning of August 18, 2014, Officer Jordan observed a vehicle travelling "a lot faster than normal." N.T., Suppression Hearing, 12/17/14, at 5. As he continued to observe the vehicle, it approached a red stop light aggressively, and proceeded to spin its tires when making a left turn after the light turned green. Officer Jordan proceeded to follow the vehicle.

As he was following the vehicle, it sped up and continued to pull away from him. There were no other vehicles on the street, parked or in motion, no pedestrians, and no unusual driving conditions. The vehicle proceeded down the residential street until it made a left turn into a driveway. Officer Jordan turned on his emergency lighting and pulled into the driveway. Brown had already exited his vehicle and was heading to the door of his residence when Officer Jordan detained him.

The trial court found Officer Jordan's testimony credible, and denied Brown's motion to suppress. Thereafter, Brown stipulated to the contents of the affidavit of probable cause and the transcript of the suppression hearing. Furthermore, Brown stipulated that Officer Jordan "had cause to file the resisting arrest charge and that charge is valid." N.T., Trial, 2/24/15, at 2. The trial court proceeded to convict Brown of DUI and resisting arrest, and

imposed an aggregate sentence of two years' probation. This timely appeal followed.

On appeal, Brown argues that Officer Jordan lacked sufficient probable cause to stop him. The Commonwealth counters that Officer Jordan had reasonable suspicion to stop Brown to investigate whether Brown was intoxicated. We review a challenge to a trial court's refusal to suppress evidence pursuant to the following well established standard of review.

> [W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole.

*Commonwealth v. McAliley*, 919 A.2d 272, 275-276 (Pa. Super. 2007) (citation omitted). "Moreover, if the evidence supports the factual findings of the suppression court, this Court will reverse only if there is an error in the legal conclusions drawn from those findings." *Commonwealth v. Powell*, 994 A.2d 1096, 1101 (Pa. Super. 2010) (citation omitted).

The quantum of proof necessary to make a vehicle stop on suspicion of a violation of the motor vehicle code is governed by 75 Pa.C.S.A. § 6308(b), which states:

> **(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers *or has reasonable suspicion that a violation of this title is occurring or has occurred*, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or

engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis supplied).

Traffic stops based upon suspicion of a violation of the motor vehicle code under section 6308(b) "must serve a stated investigatory purpose." *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010).

Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, 'it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.'

*Id*. (emphasis omitted) (citation omitted).

Brown is correct that a vehicular stop based solely upon suspicion of violating section 3361 requires probable cause:

[A] vehicle stop based solely on offenses not 'investigatable' cannot be justified by a mere reasonable suspicion, because the purposes of a *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

*Commonwealth v. Busser*, 56 A.3d 419, 423 (Pa. Super. 2012) (footnote and citation omitted).  Here, however, the trial court concluded that Officer Jordan had sufficient reasonable suspicion to investigate whether Brown was intoxicated.

- 4 -

When this Court evaluates whether an investigative detention is constitutional, the following principles guide our decision.

> A police officer may detain an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct. This standard, less stringent than probable cause, is commonly known as reasonable suspicion. In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, we must give due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

*Commonwealth v. Ranson*, 103 A.3d 73, 76 (Pa. Super. 2014) (citing *Commonwealth v. Foglia*, 979 A.2d 357, 360 (Pa. Super. 2009) (*en banc*)).

As noted previously, Officer Jordan testified that he witnessed Brown drive at extreme rates of speed through a residential neighborhood, even though he was unable to verify the exact speed. *See* N.T., Suppression Hearing, 12/17/14, at 9-10. At the speed Brown was travelling, Officer Jordan feared that Brown would be unable to stop at a stop sign in the neighborhood. *See id*., at 10. These circumstances certainly provided Officer Jordan with sufficient reasonable suspicion to investigate whether Brown was intoxicated while driving. We therefore conclude that Brown's issue on appeal merits no relief and affirm.

Judgment of sentence affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016