J-S61035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
JOHN TORRES : No. 3462 EDA 2017

Appeal from the Order September 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004488-2017

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.: **FILED FEBRUARY 13, 2019**

The Commonwealth of Pennsylvania appeals[1] from the order granting the suppression motion of Appellee, John Torres. The Commonwealth contends the suppression court erred in suppressing evidence obtained as a result of a search of a vehicle Appellee was utilizing to deal drugs. After careful review, we reverse.

Following two warrantless searches of a black SUV,[2] Appellee was arrested and charged with possession of a controlled substance as well as

---

[1] The Commonwealth has certified that the trial court's order substantially handicaps its prosecution as required by Pa.R.A.P. 311(d).

[2] While Appellee was not the registered owner of the SUV, both parties stipulated that the owner of the SUV had given Appellee permission to drive it. **See** N.T., Suppression Hearing, 9/20/17, at 4.

possession with intent to deliver.[3] Appellee moved to suppress the evidence gained from the searches of his vehicle.

At the hearing on Appellee's motion to suppress, the Commonwealth presented the testimony of Philadelphia police officer Jose Hamoy. On April 14, 2017, Officer Hamoy was on bicycle patrol in the area of E Street and Ontario Street in Philadelphia. ***See*** N.T., Suppression Hearing, 9/13/17, at 8. At approximately 6:20 p.m., Officer Hamoy observed Appellee, followed closely by a black male, walking in the direction of a black SUV. ***See id***., at 8-9. After stopping his bicycle three feet in front of the SUV, Officer Hamoy observed Appellee open the SUV's passenger side door and remove a clear plastic bag. ***See id***., at 9, 12. Based upon his training and experience, Officer Hamoy believed this bag contained marijuana and that he was witnessing a drug sale. ***See id***., at 9, 18. Once Appellee noticed Officer Hamoy stopped nearby, he threw the clear plastic bag back onto the passenger seat of the SUV. ***See id***., at 10, 12.

Officer Hamoy detained Appellee until his partner, Officer Halbherr, arrived at the scene. ***See id***., at 10. During this time, the passenger side door to the SUV remained open. ***See id***., at 13. Officer Hamoy observed two clear plastic bags on the front passenger seat and an opaque grocery bag sitting on the center console. ***See id***., at 10, 31. One of the clear plastics bags was identical to the bag Officer Hamoy observed Appellee holding earlier. ***See id***.,

---

[3] 35 Pa.C.S.A. §§ 780-113 (a)(16) and (a)(30), respectively.

at 10. Once Officer Halbherr arrived on scene, Officer Hamoy placed Appellee into custody and secured the clear plastic bags. **See id**., at 14.

Officer Halbherr proceeded to conduct a second search of the vehicle. During his search, he recovered the opaque grocery bag and $1,015.00 cash from inside the center console. **See id**., at 10-11, 15. Subsequent testing revealed that the grocery bag contained twenty-seven containers of crack cocaine and twenty-two jars of marijuana. **See id**., at 10-11. Neither officer obtained a search warrant or consent for either search of the vehicle. **See id**., at 32. Additionally, Officer Hamoy testified that there were no concerns of danger to either police officer during the second search. **See id**., at 14. Appellee presented no evidence at the suppression hearing.

Following the hearing, the suppression court concluded that the second warrantless search of the vehicle was not supported by probable cause because "any probable cause [the police] had was resolved when they recovered [the clear plastic bag] that was thrown." N.T., Suppression Hearing, 9/27/17, at 12. Therefore, the suppression court granted Appellee's motion to suppress the contents of the opaque bag and the center console.[4] This timely appeal follows.

On appeal, the Commonwealth presents the following issue for our review:

_____

[4] Prior to the suppression court's ruling, Appellee withdrew his suppression motion relating to Officer Hamoy's initial search and the recovery of the two clear plastic bags of marijuana. **See** N.T., Suppression Hearing, 9/13/17, at 35-36.

Did the lower court err in holding that the police were not permitted to search a bag sitting on the center console of an SUV, and the center console itself, when the police knew from their own observation that [Appellee] was using the vehicle to deliver drugs?

Commonwealth's Brief, at 4.

When a suppression court has granted a defendant's motion to suppress evidence, our standard and scope of review is as follows:

> [W]e are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. Our review of the legal conclusions which have been drawn from such evidence, however, is *de novo*, and consequently, we are not bound by the legal conclusions of the lower court.

***Commonwealth v. Busser***, 56 A.3d 419, 421 (Pa. Super. 2012) (citation omitted) (italics added).

The Commonwealth contends, and, in a reversal of its earlier decision, the suppression court agrees, that because Officer Hamoy reasonably believed Appellee was dealing drugs from his vehicle, the officers had probable cause to believe more drugs and/or evidence of drug dealing would be discovered in the vehicle. As probable cause is the only prerequisite for a warrantless search of a motor vehicle under the "automobile exception," the Commonwealth argues that suppression of the evidence discovered during the second search was improper. Conversely, Appellee contends the Commonwealth failed to present sufficient evidence to justify a finding that there was probable cause to believe further evidence of a crime would be found in the vehicle after the two clear bags of marijuana were removed.

- 4 -

The Fourth Amendment to the United States Constitution guarantees, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. Const. amend. IV. The Pennsylvania Constitution also protects this interest by ensuring, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures…." Pa. Const. Art. I, Section 8. Therefore, "[a]s a general rule, a search conducted without a warrant is presumed to be unreasonable unless it can be justified under a recognized exception to the search warrant requirement." **Commonwealth v. Agnew**, 600 A.2d 1265, 1271 (Pa. Super. 1991) (citations omitted).

One such exception to the search warrant requirement is the automobile exception. In Pennsylvania, "[t]he prerequisite for a warrantless search of a motor vehicle is probable cause to search; no level of exigency beyond the inherent mobility of a motor vehicle is required." **Commonwealth v. Gary**, 91 A.3d 102, 138 (Pa. 2014) (opinion announcing the judgment of the court). Further, if police have the requisite probable cause to search a vehicle for contraband, they are permitted to search any container found therein where the contraband in question could be concealed. **See Wyoming v. Houghton,** 526 U.S. 295, 307 (1999) (provided police are authorized to perform a warrantless search of a vehicle, "a package [in the car] may be searched, whether or not its owner is present as a passenger or otherwise, because it may contain the contraband that the officer has reason to believe is in the

car"); *see also In re I.M.S.*, 124 A.3d 311, 317 (Pa. Super. 2015) (holding that in light of our adoption of the federal automobile exception in *Gary*, the rule announced in *Houghton* applies).

When reviewing a trial court's probable cause determination, we are mindful that:

> [t]he level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense had been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than mere suspicion or a good faith belief on the part of the police officer.

*Commonwealth v. Runyan*, 160 A.3d 831, 837 (Pa. Super. 2017) (citation omitted). "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather we require *only a probability*, and not a prima facie showing, of criminal activity." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (quotation marks and citations omitted).

Here, while standing only *three feet* away from Appellee, Officer Hamoy witnessed Appellee remove a clear bag containing marijuana from the vehicle and attempt what Officer Hamoy believed to be a drug sale. Upon seeing Officer Hamoy, Appellee threw the bag of marijuana back into the vehicle. Officer Hamoy recovered this bag, along with another clear bag containing marijuana after observing them in plain view on the passenger seat of the

vehicle. Based upon the totality of the circumstances, we conclude that Officer Hamoy's description of the attempted drug deal from the vehicle coupled with discovery of an additional bag of marijuana in plain view establishes sufficient probable cause for a search of the entire vehicle. Accordingly, applying **Gary** and its progeny, the officers were permitted to perform a search of the vehicle and its contents, which included the opaque bag and center console. **See Runyan**, 160 A.3d at 838 (applying **I.M.S.** and determining police had "probable cause to believe the vehicle contained contraband, which was all that was necessary to justify the warrantless search of the vehicle, as well as the search of [the defendant]'s purse where the contraband could be concealed"). The trial court did not properly apply the law to the facts of the case, and therefore, erred in suppressing the contents of the opaque bag and the center console.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/19