J-S01014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MADOU GASSIMOU BAH | : | No. 912 MDA 2018 |

Appeal from the Order Entered May 11, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002263-2016

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 28, 2019**

The Commonwealth appeals[1] from the order of the trial court granting the motion filed by Appellee, Madou Gassimou Bah, seeking to suppress all evidence obtained as a result of his vehicle stop. We affirm.

The Commonwealth alleges that Bah was found transporting counterfeit name brand apparel when his vehicle was stopped by the State Police. As a result, the Commonwealth charged Bah with a single count of trademark counterfeiting, 18 Pa.C.S.A. § 4119 (a)(7).

Bah filed a motion to suppress the evidence obtained during the stop of his vehicle, asserting that the stop violated his rights against unreasonable

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has certified that the trial court's order substantially handicaps its prosecution as required by Pa.R.A.P. 311(d).

searches under the Pennsylvania and Federal Constitutions. Bah further

contended that the items seized from his vehicle were "fruits of the poisonous

tree." **Id**.

A hearing on the suppression motion was held on March 27, 2018.

Trooper Travis Martin, of the Pennsylvania State Police, was the only witness.

The suppression court accurately summarized the factual history from the

testimony given at the Suppression Hearing as follows.

> On November 10, 2015, Trooper Travis Martin [] was conducting stationary patrol on Interstate 81 [] in the area of mile marker 75. At approximately 11:55 A.M., Trooper Martin observed[2] a brown Kia Sedona bearing a Minnesota license plate travelling southbound without its headlights activated in rainy conditions.[3] However, at the suppression hearing, Trooper Martin testified that he did not recall whether or not the vehicle's windshield wipers were in use, thereby triggering the requirement for the use of headlights. Trooper Martin pulled from his stationary position, activated his emergency lights and initiated a traffic stop. The driver of the vehicle was identified as Defendant Madou Bah.
>
> During the course of the traffic stop, Trooper Martin testified that he observed multiple indicators of criminal activity, such as nervous behavior, Defendant stating that he was from Columbus, Ohio, but his driver's license listing his residence as Philadelphia, Pennsylvania,[4] observed a number of boxes and bags in the rear

---

[2] Officer Martin testified that Bah was driving slower than the posted speed limit and looked away as he passed. **See** N.T., Suppression Hearing, 3/27/2018, at 4.

[3] Officer Martin testified that there was a light steady rain and cloudy conditions at the time. **See id.**, at 3.

[4] Officer Martin estimated that the location of the traffic stop was 35 miles off course if travelling between Columbus and Philadelphia. He explained that the

seat, and Defendant continued to turn around to look in the rear seat of the vehicle. Thereafter, Defendant gave verbal and written consent for Trooper Martin to search his vehicle.

*See* Opinion and Order, filed 6/11/2018, at 1-2. A search of the vehicle revealed counterfeit apparel in the cardboard boxes.

In an opinion and order dated June 11, 2018, the suppression court granted Bah's motion to suppress. This timely appeal follows.

On appeal, the Commonwealth presents the following issue for our review:

> Whether the lower court erred in granting appellee's suppression motion where Trooper Martin possessed probable cause to initiate a traffic stop as appellee was in violation of 75 Pa.C.S.A. § 4302(a)(2)? Appellee failed to activate his headlights though there was a steady rain in cloudy conditions which called at least for intermittent windshield wiper use.

Commonwealth's Brief, at 7.

When a suppression court has granted a defendant's motion to suppress evidence, our standard and scope of review is as follows:

> [W]e are bound by that court's factual findings to the extent that they are supported by the record, and we consider only the evidence offered by the defendant, as well as any portion of the Commonwealth's evidence which remains uncontradicted, when read in the context of the entire record. Our review of the legal conclusions which have been drawn from such evidence, however, is *de novo*, and consequently, we are not bound by the legal conclusions of the lower court.

---

quickest route between those two areas is the Pennsylvania turnpike and that there are generally several hotels and places to eat at all interchanges along the turnpike. *See* N.T., Suppression Hearing, 3/27/2018, at 10.

***Commonwealth v. Busser***, 56 A.3d 419, 421 (Pa. Super. 2012) (citation omitted, brackets in original, italics added).

The Motor Vehicle Code provides the authorization for a police officer to stop a motor vehicle:

> Whenever a police officer ... has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b). However, this Court has explained the following, consistent with our Supreme Court's clarification of constitutional principles under the Fourth Amendment and the Pennsylvania Constitution:

> Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose. In effect, the language of Section 6308(b)—"to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title"—is conceptually equivalent with the underlying purpose of a ***Terry*** stop.
>
> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is [incumbent] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.*"

***Commonwealth v. Feczko***, 10 A.3d 1285, 1290–91 (Pa. Super. 2010) (citations omitted) (emphasis in original). Therefore, there are two types of traffic stops, with different standards of review applicable to each.

- 4 -

Accordingly, when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway. On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

***Commonwealth v. Salter***, 121 A.3d 987, 993 (Pa. Super. 2015) (citations omitted). In this case, the Commonwealth does not dispute that the stop served no investigatory purpose, and therefore the stop is valid only if Trooper Martin had probable cause. **See** Appellant's Brief, at 8-9 (unnumbered) (arguing that Trooper Martin had probable cause to believe that Bah was in violation of the Vehicle Code).

After careful review of the record, and the relevant case law, we conclude that the suppression court accurately and thoroughly addressed the merits of the Commonwealth's issue in its Opinion and Order.

In the instant case, Trooper Martin testified that he performed a traffic stop of Defendant's vehicle for a suspected violation of 75 Pa.C.S.A. § 4302 (periods for required lighting lamps), which reads:

(a)  General Rule - The operator of a vehicle upon a highway shall display the lighted lamps and other lamps and illuminating devices required under this chapter for different classes of vehicles, subject to exceptions with respect to parked vehicles, at the following times:

(1)  Between sunset and sunrise.

(2)  Any time when the operator cannot discern a person or vehicle upon the highway from a distance of 1,000 feet due to insufficient light or unfavorable atmospheric conditions, including rain, snow, sleet, hail, fog, smoke or smog.

(3)  Any time when the vehicle's windshield wipers are in continuous or intermittent use due to precipitation or atmospheric moisture, including rain, snow, sleet or mist.

See 75 Pa.C.S.A. § 4302. A traffic stop based upon a violation of the above–quoted statute does not serve an investigative purpose. Therefore, Trooper Martin must have possessed probable cause to conduct a traffic stop of Defendant's vehicle for a non-investigable violation of the MVC.

At the suppression hearing, there was no evidence elicited that established a violation under Section 4301(a)(1) (the traffic stop was conducted around noon) and Section 4301(a)(2) (the dash - cam video showed clear visibility). In addition, Trooper Martin candidly testified that he was not sure whether or not Defendant's windshield wipers were in use prior to conducting the traffic stop. Since the basis for the stop was Defendant's failure to turn on his headlights while using his windshield wipers, and Trooper Martin is unable to state that he believed that Defendant's windshield wipers were in use at the time of the stop, Trooper Martin lacked probable cause to conduct a traffic stop based on a violation of 75 Pa.C.S.A. § 4302(a)(3).

Accordingly, we find that the Commonwealth failed to meet its burden that Trooper Martin possessed the requisite probable cause to conduct a traffic stop of Defendant's vehicle for a non-

investigable violation of the MVC[.] [T]he evidence obtained during the search of Defendant's vehicle must be suppressed.

*See* Opinion and Order, filed 6/11/2018, at 2-5.

Based on the foregoing reasons, we find that the traffic stop of Bah's vehicle was not supported by probable cause. Accordingly, we conclude that the suppression court did not err when it granted the motion to suppress.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019