J-A04027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAROD ROBERT KASHNER | : | |
| | : | |
| Appellant | : | No. 689 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 23, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005260-2024

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:          **FILED: FEBRUARY 26, 2026**

Appellant, Jarod Robert Kashner, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his stipulated bench trial conviction for driving under the influence of alcohol or a controlled substance ("DUI") – blood alcohol content greater than 0.02 with license suspended, and DUI – controlled substance combination alcohol/drug second offense.[1]  For the following reasons, we vacate Appellant's judgment of sentence and the order denying Appellant's motion to suppress, and remand for further proceedings consistent with this memorandum.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On August 8, 2024, at approximately 2:07 a.m., Pennsylvania State Police Trooper Dylan Tamecki was on

_____

[1] 75 Pa.C.S.A. §§ 1543(b)(1.1)(i), and 3802(d)(3), respectively.

routine patrol in Hanover Borough, York County, traveling eastbound on York Street. Trooper Tamecki observed a darker-colored SUV failing to maintain its lane on multiple occasions and initiated a traffic stop of a gray 2021 Nissan Rogue. The driver was identified as [Appellant]. It was confirmed at the scene that [Appellant's] license was DUI-suspended.

While interacting with [Appellant,] Trooper Tamecki detected a strong odor of alcohol. [Appellant] admitted that he had just left "The Circle," a local bar. The trooper conducted Standardized Field Sobriety Tests (SFSTs) and Advanced Roadside Impaired Driving Enforcement (ARIDE) assessments, ultimately concluding that [Appellant] showed signs of impairment. [Appellant] was arrested for [DUI] and transported to Hanover Hospital, where he consented to a legal blood draw.

Toxicological analysis conducted by NMS Labs revealed the following substances in [Appellant's] system: [alcohol with a BAC of 0.064 and THC metabolites].

A criminal complaint was filed on September 5, 2024, charging [Appellant] with [several counts of DUI and traffic offenses].

[Appellant] filed an Omnibus Pretrial Motion on January 22, 2025, including a Motion to Suppress evidence, alleging that the traffic stop violated the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. A suppression hearing was held on April 23, 2025.

At the hearing, Trooper Tamecki testified that [Appellant's] vehicle twice crossed the double yellow centerline and failed to use a turn signal when making a left turn.[2] The [c]ourt

_____

[2] At the suppression hearing, Trooper Tamecki testified that he initiated a traffic stop that ultimately led to a DUI arrest. (N.T. Suppression Hearing, 4/23/25, at 3). He stated, "On that date, I conducted a traffic stop due to Title 75, Section 3309, which is failure to maintain lane." (**See id.** at 4). Trooper Tamecki observed Appellant cross over the double line two times, as
*(Footnote Continued Next Page)*

reviewed Mobile Video Recorder ("MVR") footage entered into evidence. While the footage supported one lane departure, the visibility of the second was obscured due to low lighting and glare from oncoming headlights. Nevertheless, Trooper Tamecki testified credibly that he personally observed the second infraction, even if it was not captured on video . The [c]ourt found that Trooper Tamecki had reasonable suspicion to believe [Appellant] had committed a violation of 75 Pa.C.S.[A.] § 3309 and denied the Motion to Suppress.

A stipulated bench trial was held immediately thereafter, with [Appellant] knowingly and voluntarily waiving his right to a jury trial. Based on the stipulated record, this [c]ourt found [Appellant] guilty [of the aforementioned counts].

(Trial Court Opinion, 6/25/25, at 1-2). That same day, the court sentenced Appellant to 5 years' probation with the first 90 days on electronic monitoring.

On May 23, 2025, Appellant timely filed a notice of appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On June 2, 2025, Appellant timely complied.

On appeal, Appellant raises the following issue for our review:

Did the Trial Court err in denying the Appellant's Motion to Suppress when the police did not possess the requisite probable cause and/or reasonable suspicion required to permit such a stop?

(Appellant's Brief at 4).

Appellant argues that the court erred in denying his motion to suppress

_____

well as crossing over the line with a left-turn designation, and he initiated the stop. (*See id.*) Additionally, on cross-examination, Appellant's counsel asked Trooper Tamecki, "So the specific violation and the grounds for the stop was a violation of 3309 of the Vehicle Code, correct?" to which Trooper Tamecki answered, "Yes." (*See id.* at 7).

because Trooper Tamecki lacked probable cause and/or reasonable suspicion to stop the vehicle. Specifically, Appellant asserts that the alleged driving violations either did not occur, or if they did occur, did not rise to the level of a violation under the Vehicle Code. Appellant contends that the Commonwealth failed to establish a record of any evidence indicating that the arresting officer possessed sufficient knowledge indicating that Appellant's behavior was suggestive of DUI, which would permit the officer to stop the vehicle based upon reasonable suspicion of DUI. Appellant concludes that the court erred in denying his motion to suppress on these grounds, and this Court must grant relief. We agree that some relief is due, albeit for different reasons.

The following principles govern our review of an order denying a motion to suppress:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

- 4 -

*Commonwealth v. Ford*, 175 A.3d 985, 989 (Pa.Super. 2017), *appeal denied*, 647 Pa. 522, 190 A.3d 580 (2018). Additionally, "[w]ith respect to the suppression court's factual findings, it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part[,] or none of the evidence presented[.]" *Commonwealth v. Easter*, 331 A.3d 675, 679 (Pa.Super. 2025), *appeal denied*, ___ Pa. ___, 345 A.3d 1199 (2025) (citation omitted).

"The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals against unreasonable searches and seizures." *Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa.Super. 2014), *appeal denied*, 630 Pa. 734, 106 A.3d 724 (2014). Article I, Section 8 can provide no less protection than what the Fourth Amendment requires. *Commonwealth v. McCree*, 592 Pa. 238, 246, 924 A.2d 621, 626 (2007).

Contacts between the police and citizenry fall within three general classifications:

> The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally an arrest or "custodial detention" must be supported by probable cause.

- 5 -

*Commonwealth v. Bryant*, 866 A.2d 1143, 1146 (Pa.Super. 2005), *appeal denied*, 583 Pa. 668, 876 A.2d 392 (2005) (quoting *Commonwealth v. Phinn*, 761 A.2d 176, 181 (Pa.Super. 2000), *appeal denied*, 567 Pa. 712, 785 A.2d 89 (2001)). Regarding the differences between reasonable suspicion and probable cause, this Court has observed:

> Reasonable suspicion is dependent on both the quantity and quality of the information police possess prior to detaining an individual. *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *see also Commonwealth v. Wiley*, 858 A.2d 1191, 1197 (Pa.Super. 2004) (holding that reasonable suspicion is measured by what the police knew prior to conducting a search or seizure). In order to assess the facts available to police, we must consider the totality of the circumstances. *Id.* While reasonable suspicion is a less stringent standard than probable cause, the detaining officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (internal quotation marks and citation omitted).

*Commonwealth v. Jefferson*, 256 A.3d 1242, 1248-49 (Pa.Super. 2021), *appeal denied*, 672 Pa. 38, 268 A.3d 1071 (2021). Probable cause to arrest exists when

> the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.

*Commonwealth v. Burno*, 638 Pa. 264, 293, 154 A.3d 764, 781 (2017) (quoting *Commonwealth v. Gwynn*, 555 Pa. 86, 98, 723 A.2d 143, 148 (1998), *cert. denied*, 528 U.S. 969, 120 S.Ct. 410, 145 L.Ed.2d 320 (1999)).

Regarding the requisite level of suspicion required for stops performed under the Vehicle Code, the statute provides:

**§ 6308. Investigation by police officers**

\* \* \*

**(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

Nevertheless, "despite subsection 6308(b)'s reasonable suspicion standard, some offenses, by their very nature, require a police officer to possess probable cause before he or she may conduct a traffic stop." *Commonwealth v. Ibrahim*, 127 A.3d 819, 823 (Pa.Super. 2015), *appeal denied*, 635 Pa. 771, 138 A.3d 3 (2016). "For a stop based on the observed violation of the Vehicle Code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." *Commonwealth v. Harris*, 176 A.3d 1009, 1019 (Pa.Super. 2017). *See also Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011) (stating mere reasonable suspicion will not justify vehicle stop when driver's detention cannot serve investigatory purpose relevant to suspected violation).

Further, the Vehicle Code provides the following:

**§ 3309. Driving on roadways laned for traffic**

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:

**(1) Driving within single lane.--**A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309.

In **Commonwealth v. Landis**, 89 A.3d 694 (Pa.Super. 2014), this Court analyzed the required level of support for a stop conducted solely due to a violation of Section 3309. Therein, the trooper testified that he had pulled the defendant over due to observation of his violation of Section 3309. This Court observed:

There was no express indication that the trooper stopped Appellant in order to conduct additional investigations into a DUI or other impairments of his ability to drive safely. Consequently, a showing of probable cause was necessary to justify the trooper's stop of Appellant for a violation of section 3309. **See** [**Feczko, supra** at 1291]; **see also** [**Commonwealth v. Busser**, 56 A.3d 419, 423 (Pa.Super. 2012), *appeal denied*, ___ Pa. ___, 74 A.3d 125 (2013)].

**Landis, supra** at 703.

Instantly, Trooper Tamecki's testimony was clear that he stopped Appellant based upon his observations of violations of Section 3309; it was not until their further encounter that he developed any suspicion of DUI. (**See** N.T. Suppression Hearing at 4-7). As in **Landis**, there was "no express

- 8 -

indication that the trooper stopped Appellant in order to conduct additional investigations into a DUI or other impairments of his ability to drive safely."
*See Landis, supra* at 703. Therefore, probable cause was necessary to justify this stop. *See id.*

Nevertheless, the court evaluated Appellant's suppression motion under the reasonable suspicion standard. Specifically, the court stated on the record immediately following the suppression hearing:

> Okay. This matter is before the [c]ourt on [Appellant's] omnibus pre-trial motion to suppress evidence. The basis for the motion is that the Trooper did not have a reasonable basis to pull over [Appellant's] vehicle. The [c]ourt has heard testimony today from Trooper Tamecki, and we've also viewed the video of the officer's vehicle cam. The officer testified that he conducted the traffic stop as a result of a perceived violation of 75 [Pa.C.S.A. §] 3309 of the vehicle Code, which is failure to maintain lanes.
>
> A traffic stop for investigatory reasons must be supported by reasonable suspicion. To ensure reasonable suspicion, the officer must point to specific articulable facts which, taken together with rational inferences therefrom, reasonably warrant the intrusion.
>
> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or in content than the required requirement to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable and not required to show probable cause.
>
> The Trooper stated that he observed the vehicle cross the line two times and then cross over the left lane at least once. The video, as the [c]ourt observes it, at least demonstrates that there was one incident where the line was at least touched and then the left lane had been crossed. The

Trooper said that the other time that he witnessed was not visible on the video because of the oncoming lights from another vehicle.

[W]e find the Trooper's statements to be credible and in so doing we find that the Trooper had both reasonable suspicion and probable cause to pull over the vehicle. Therefore, we deny the motion to suppress.

(N.T. Suppression Hearing at 17-18).

Although the court referenced both the reasonable suspicion and probable cause standards at the end of its analysis, our review of the court's remarks as a whole confirms that the court utilized only the reasonable suspicion standard. Further, the court's subsequent analysis in its Rule 1925(a) opinion discusses only the trooper's reasonable suspicion to stop Appellant's vehicle. (*See* Trial Court Opinion at 3-4). Under these circumstances, we vacate the order denying Appellant's motion to suppress for reconsideration of the evidence in light of the probable cause standard and the filing of a statement of its findings of fact and conclusions of law. If the court denies Appellant's motion to suppress following reconsideration, it shall reinstate Appellant's convictions. Appellant shall have the right to appeal the suppression court's ruling following reconsideration upon the entry of a final judgment of sentence. *See Landis, supra* (providing similar instructions upon remand). Accordingly, we vacate and remand for further proceedings.

Judgment of sentence vacated. Order denying suppression motion vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction is relinquished.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/26/2026